**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 16, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DEJUAN JERROD HUNTER,

       Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

       Respondent-Appellee.

Nos. 09-5122, 09-5141
(D.C. No. 4:06-cv-00230-CVE-TLW)
(N. D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

---

Petitioner-Appellant DeJuan Jerrod Hunter seeks a certificate of appealability

("COA"), see 28 U.S.C. § 2253(c), that will permit him to appeal the district court's

decision denying him federal habeas relief, see 28 U.S.C. § 2254, from his Oklahoma

conviction for shooting with the intent to kill.[1]  In his § 2254 petition, Hunter raised four

---

[*]  This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]  The district court granted Hunter's motion to proceed on appeal in forma pauperis.  See 28 U.S.C. § 1915.  Hunter's appeal No. 09-5122 is taken from the district court's decision denying him habeas relief, while his appeal No. 09-5141 is from the district court's later

grounds for relief: 1) the trial court denied him a fair trial by permitting testimony about Hunter's other crimes that were not probative of his guilt on the offense charged; 2) the trial court erred in refusing to instruct jurors, during the sentencing phase of trial, that Hunter would be required to serve 85% of his sentence before becoming eligible for parole; 3) Hunter's trial counsel was ineffective for failing to request that the trial court instruct the jury regarding Hunter's parole eligibility; and 4) his attorney was ineffective for failing to argue, on direct appeal, that a) Hunter was innocent; b) the State failed to prove all the elements of the charged offense beyond a reasonable doubt; c) cumulative errors by trial counsel required a new trial; d) prosecutorial misconduct required reversal of his conviction; and e) there was no ballistics or fingerprint evidence presented at trial linking Hunter to the weapon police found after the shooting. Before this court now, however, Hunter seeks a COA on only the first three grounds for relief.[2]

To be entitled to a COA, Hunter must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can do so by "showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

decision denying Hunter a COA to appeal the denial of habeas relief.

[2] After the district court denied Hunter § 2254 relief, he asserted several new claims in his application for COA made to the district court, arguing that his trial attorney was ineffective for failing to object to the admission of the gun into evidence, investigate the gun to determine if it could be linked forensically to Hunter, make the State prove all the elements of the offense beyond a reasonable doubt, and object during the trial to the State's presentation of the testimony of Mr. and Mrs. Ray, following the trial court's denial of a defense motion in limine seeking to exclude their testimony. Hunter reiterates those claims now in his COA application filed with this court. We decline to grant COA on those grounds, however, because Hunter did not properly present them to the district court in his § 2254 petition.

2

have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). For substantially the reasons stated in the district court's decision denying Hunter habeas relief, we conclude that he has failed to make a substantial showing of the denial of a constitutional right. Therefore, we DENY Hunter's applications for a COA and DISMISS these appeals.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge